**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JENNIFER DUNCAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES VIRGIN ISLANDS, an unincorporated territory of the United States, The Honorable ALBERT BRYAN, JR., Governor of the United States Virgin Islands, JOEL A. LEE, the Director of the Virgin Islands Bureau of Internal Revenue, and BOSEDE BRUCE, the Commissioner Nominee of the Department of Finance of the United States Virgin Islands, [1]<br><br>Defendants. | Case No. 3:18-cv-0057 |

**ATTORNEYS:**

**Joseph A. DiRuzzo, III**
**Alex Golubitsky**
DiRuzzo & Company
Ft. Lauderdale, Fl.
 *For Plaintiff Jennifer Duncan,*

**Aquannette Y. Chinnery**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
 *For Defendants the United States Virgin Islands,*
 *the Honorable Albert Bryan, Jr., Joel A. Lee, and Bosede Bruce.*

---

[1] The initial petition named several individuals in the caption in their official capacity as a public official. Since the filing of the complaint, the individuals serving in those capacities have ceased to hold office. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court will substitute the name of public officials who are currently serving in that capacity. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## **MEMORANDUM OPINION**

**MOLLOY, C.J.**

  **BEFORE THE COURT** is Plaintiff Jennifer Duncan's ("Duncan") Motion to Certify as Class Action & Incorporated Brief in Support, filed September 6, 2018 (hereinafter "Motion"). (ECF No. 8.) For the reasons set forth below, the Court finds that Duncan has failed to establish by a preponderance of the evidence that "the claims… of the representative part[y] are typical of the claims . . . of the class" and that "the representative parties will fairly and adequately protect the interests of the class," and thus fails to meet the requirements for class certification. Fed. R. Civ. P. 23(a)(3-4). Accordingly, the Court will deny Duncan's Motion without prejudice.

### I. **FACTUAL AND PROCEDURAL BACKGROUND**

  On August 17, 2018, Duncan filed her Complaint alleging a long history of nonpayment of income tax refunds as well as other statutory violations by the Government of the Virgin Islands, acting through the Virgin Islands Bureau of Internal Revenue ("VIBIR"). Duncan purports to represent a putative class of all corporate and individual Virgin Islands taxpayers who have been owed income tax refunds for longer than six months after filing with VIBIR for any tax year from 2003 to the present.

  Shortly after filing her Complaint, Duncan moved to certify her putative class on September 6, 2018. Defendants opposed on October 17, 2018. (ECF No. 30.) The parties were subsequently granted leave to file supplemental briefing on class certification. Duncan's Supplemental Brief in Support of Class Certification was filed September 20, 2019. (ECF No.66.) Defendants' Supplement to Memorandum of Law in Support of Response in Opposition to Motion to Certify as Class Action was filed the same day. (ECF No. 67.)

  Duncan then filed an Amended Complaint on December 8, 2019, with leave of the Court. (ECF No. 73.)

*Duncan v. Government of the Virgin Islands, et al.*
Case No. 3:18-cv-0057
Memorandum Opinion
Page 3 of 13

## II. LEGAL STANDARD

The requirements for certifying a class action are governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> 1. the class is so numerous that joinder of all members is impracticable;
> 2. there are questions of law or fact common to the class
> 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> 4. the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

These four elements are widely referred to as "numerosity, commonality, typicality, and adequacy of representation, respectively." *Charleswell v. Chase Manhattan Bank, N.A.*, 223 F.R.D. 371, 377 (D.V.I. 2004). The inclusion of "and" at the end of Rule 23(a)(3) indicates that each of the four elements must be satisfied to warrant class certification. The Court's analysis into these factors "must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 465-66 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). However, "[m]erits questions may be considered to the extent--but only to the extent--that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 466.

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the rule--that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. These four factors ultimately must be demonstrated by a preponderance of the evidence. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 485 (3d Cir. 2015) ("[T]he plaintiff's burden is not proof beyond 'any doubt' as the District

Court required, but whether the claims are supported by a preponderance of the evidence.").[2]

### III. DISCUSSION

The class most recently proposed by Duncan consists of "All persons and entities who: (a) have filed a timely claim for refund of an overpayment of the Virgin Islands Territorial Income Tax for any tax year from at least 2003 to the present, (b) have not been given by the USVI or the BIR, via certified or registered mail, a timely notice of disallowance of such claims, and (c) have not been paid such refunds by the USVI." ECF No. 73, at ¶55. Specifically "[e]xcluded from the proposed class is any Judge to whom this case is assigned as well as his or her immediate family." *Id.* at ¶56. In considering whether to certify, the Court makes clear that this excluded group includes any individual within the third degree of relationship to any Judge assigned to this case, or his or her spouse, as specified in Duncan's original proposed class definition. *See infra*, n. 3. This new proposed class materially differs from the one proposed in Duncan's initial Motion.[3] As discussed more thoroughly below, the differences between the two proposed classes do not impact the outcome of this analysis.

---

[2] Further, Fed. R. Civ. P. 23(b) presents additional considerations for the Court to address in determining whether class certification is warranted. Here, Duncan seeks certification of her class under Rule 23(b)(2) or as a "hybrid" under both Rules 23(b)(2-3). ECF No. 8, at 10-12. However, the Court only reaches its analysis under Rule 23(b) once Rule 23(a) is satisfied. Fed. R. Civ. P. 23(b). The Court will decline to reach the Rule 23(b) factors because Duncan fails to establish the suitability of her class under Rule 23(a).

[3] "All persons who have filed (or will file) a claim for refund of an income tax overpayment: (i) which the Bureau of Internal Revenue has processed (or will process); (ii) who have met the procedural requirements outlined in 26 U.S.C. §§ 7422(a) and 6532(a); and (iii) who nonetheless have not received (or will not receive) their refund six months after filing the claim for refund.

Excluded from the class are those taxpayers: (a) who have been issued a statutory notice of deficiency under 26 U.S.C. § 6212 (but only for those tax years raised in the statutory notice of deficiency), (b) who have been issued a mathematical adjustment who have not filed a request to abate the mathematical adjustment under 26 U.S.C. § 6213(b)(2) (but only to the extent that such mathematical adjustment reduces the taxpayer's claim for refund to zero (or less than zero, i.e., a negative number)), and (c) who have their claim for refund offset by virtue of 26 U.S.C. § 6402 and/or 26 U.S.C. § 6331 (but only to the extent that such offset reduces the taxpayer's claim for refund to zero (or less than zero, i.e., a negative number).

Further excluded from the class is any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, whether by blood relation or marriage, are excluded from the class."

ECF No. 8, at 4.

Duncan must demonstrate that her putative class satisfies the requirements of both Fed. R. Civ. P. 23(a) and 23(b) to successfully certify. However, she fails to meet the necessary burden for class certification under Rule 23(a). Specifically, Duncan fails to show by a preponderance of the evidence that the claims and defenses applicable to her are typical of those of the unnamed class members and that she will fairly and adequately protect the interests of the class.

### A. Rule 23(a) Analysis

The first inquiry for the Court is whether Duncan has adequately satisfied the numerosity, commonality, typicality, and adequacy prongs of Rule 23(a). Without satisfaction of these four elements, the Court does not reach the appropriateness of class certification under Rule 23(b).

### 1. Numerosity

No bright line or threshold exists at which the numerosity requirement is met. Each circumstance must be examined on a case-by-case basis. *Gen. Tel. Co. v. E.E.O.C.*, 446 U.S. 318, 330 (1980). To that effect, a finding of numerosity must be based on direct or circumstantial evidence and not on speculation, even if it is "tempting to assume" that there must be a large number of class members. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595-97 (3d Cir. 2012) (citing *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990) ("The party supporting the class cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity.")). Numerosity should be shown for each proposed class and subclass. *Marcus,* 687 F.3d at 595. Importantly, the test in analyzing the numerosity requirement is not so much one of "numerosity" *per se*, but of the practicality or, more accurately, **im**practicality of joining all potential class members in a single lawsuit. Newberg on Class Actions, "Prerequisites for Maintaining a Class Action," §3:5, p. 246-47 (4th ed. 2002).

Duncan here has offered evidence that her proposed class consists of 24,364 individuals and 49 corporations in the form of two interrogatory responses prepared by employees of VIBIR. ECF No. 66-3, at 4-6. Defendants' sole argument in opposition of numerosity is that Duncan initially "provided no evidence regarding whether that figure

comprised persons, or entities, or both." ECF No. 31, at 6. Because Duncan has since amended her class to include "persons and entities" without requesting the certification of subclasses to differentiate the two (ECF No. 73, at ¶55), and because Defendants opted not to supplement their argument opposing numerosity (ECF No. 67, at 4), this argument is moot. Moreover, Defendants' argument is misguided – by their own interrogatory responses, the number of individuals owed income tax refunds as of December 31, 2018, was 24,364, and the number of corporations owed income tax refunds as of December 31, 2018, was 49. ECF No. 66-3 at 4-6.[4]

Accordingly, the Court finds that a proposed class consisting of 24,364 individuals and 49 corporations is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

### 2. Commonality

In evaluating the second prong of Rule 23(a), "the threshold of commonality is not high." *In re School Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986) *cert. denied* 479 U.S. 915 (1986) (citation and internal quotations marks omitted). The "commonality" requirement was previously "satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). However, following the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, the mere recitation of common hypothetical questions is insufficient. Instead, "[w]hat matters to class certification . . . is not the raising of common 'questions' – even in droves – but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (citation and internal quotations omitted). Satisfying the commonality element of putative class members requires a demonstration, by a preponderance of the evidence, that the "common contention, moreover, must be of such a

---

[4] The submitted interrogatory responses include figures for individuals and corporations, but do not mention other species of corporate entities. It is therefore unclear whether the 'corporation' figure includes limited liability corporations (LLCs), how those LLCs were or were not categorized based on their discretionary election of corporate or 'pass-through' taxation, and whether the corporation figure includes other legal entities such as Limited Liability Partnerships or S-Corporations, among other concerns. Nevertheless, even disregarding the provided corporation figure due to the imprecision of Duncan's question and Defendants' response, Duncan has provided sufficient evidence to satisfy the numerosity prong.

nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Duncan submits, without citation to any evidence, that the common questions are only two: "(1) does the Mirror Code require that the Defendants pay income tax refunds within six months of an uncontested income tax return being filed; and (2) is the BIR allowed to pay favoritism to its (and the Department of Finance) employees?" ECF No. 66, at 6. In response, Defendants argue first that "question two" regarding alleged favoritism improperly "seeks to have the Court prematurely examine facts not asserted in the Complaint that is currently operative, i.e. the Complaint filed on August 7, 2018." ECF No. 67, at 5. Next, Defendants argue that the disposition of this matter as a class raises significant proof problems where "each individual taxpayer . . . is required to prove both that an overpayment was made and that the taxpayer is entitled to a refund from VIBIR . . .." *Id.*

While these concerns are legitimate, they do not necessarily pertain to an evaluation of commonality. Instead, the relevant inquiry is simply whether "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Applying the same evidence presented in support of numerosity, Defendants certified on April 5, 2019, that as of December 31, 2018, 24,364 individuals and 49 corporations were owed income tax returns. ECF No. 66-3 at 4-6. The thrust of Duncan's allegations are that Defendants are delinquent by statute in paying each of these income tax returns. *See generally* ECF No. 73. Thus, it is clear by the evidence presented that "the named plaintiff[] share[s] at least one question of law or fact with the grievances of the prospective class." *Baby Neal*, 43 F.3d at 56. More importantly, "determination of [the] truth or falsity" of this alleged delinquency and of any legal obligation VIBIR may have to correct it "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

The Court therefore finds that the 'commonality' prong of Rule 23(a) is satisfied.

### 3. Typicality

While typicality and commonality are closely related and often merge in their analyses, typicality "derives its independent legal significance from its ability to screen out

class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus*, 687 F.3d at 598 (internal quotations and citation omitted).

Evaluating this requirement, the appropriate question is "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) (quoting *Baby Neal*, 43 F.3d at 55). An important factor is whether there is a "danger here that the named plaintiffs have unique interests that might motivate them to litigate against or settle with the defendants in a way that prejudices the absentees." *Baby Neal*, 43 F.3d at 63. The Third Circuit prescribes three key considerations in determining the typicality of a representative plaintiff:

> "(1), the claims of the class representative must be generally the same as those in the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying that theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major focus of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class."

*Marcus*, 687 F.3d at 598 (quoting *In re Schering Plough Corp. ERISA Litigation*, 589 F.3d 585, 599 (3d Cir. 2009)).

This prong is where substantial problems arise for Duncan's proposed class certification. Importantly, Duncan has testified in a deposition that she has received an income tax refund check from VIBIR. ECF No. 67-2 at 24. While Duncan has not "cashed that check" because she disagrees with the amount refunded ($7,104 allegedly owed versus $2,738.30 paid based on VIBIR's readjustment), *id.* at 24-25, this fact nevertheless places Duncan in a substantially different position than the class she seeks to represent. Because Duncan has received a tax refund check, she is now necessarily engaged in a dispute as to VIBIR's calculation of the magnitude of her overpayment rather than one over delinquent nonpayment.

This dispute is fundamentally different than the allegations of VIBIR's statutory noncompliance and nonpayment that ostensibly pertain to the class members she seeks to

represent. Duncan no longer suffers from the injuries alleged in her Amended Complaint, nor does she lack the relief sought to remedy those injuries. Moreover, it is clear that in an action seeking to force VIBIR to pay all overdue income tax refunds to their rightful recipients, actual payment of such tax refunds is "likely to become a major focus of the litigation." *Marcus*, 687 F.3d at 598. Thus, Duncan's claims and the defenses thereto are decidedly atypical of the putative class members who may not have received their allegedly overdue income tax refunds.[5]

Further, it is well settled that to have standing under Article III of the Constitution, a plaintiff must show "(1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007). To satisfy "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–735 (1972)). This test determines whether a plaintiff has Constitutional standing under Article III and is a threshold issue that must be addressed before examining questions of prudential standing and statutory interpretation. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Before reaching the issue of prudential standing, Duncan lacks Constitutional standing as to the remaining counts of her Amended Complaint seeking declaratory and injunctive relief. Here, Duncan purports to represent a putative class that has suffered the

---

[5] Even if Duncan, *arguendo*, had not received her income tax refund, this Court has significant concerns as to the inclusion of both individuals and corporate entities in the proposed class. The income tax laws applicable to Corporations differ from those applicable to individuals. Thus, it is impossible to say that the alleged injuries suffered by the absent corporate class members are readily provable by the same evidence applied to the same legal standard supporting Duncan's claims regarding nonpayment of her personal income tax refund. While this concern could be remedied by the creation of a subclass of corporate taxpayers, such a subclass was not proposed and thus may provide an independent basis to find that Duncan's claims are not typical of the proposed class.

concrete injury of nonpayment of their income tax refunds. ECF No. 73, at ¶67-69. To remedy this injury, Duncan seeks an award of "all amounts duly owed by Defendants for all unpaid income tax refunds for the tax years within the Class period." *Id.* at 33 ¶3. In addition to these monetary damages, Duncan seeks declaratory and injunctive relief, presumably to avert similar injury in the future. *Id.* at 33 ¶4-8.

However, Duncan's standing as to the relief sought is necessarily predicated on whether she has suffered an injury-in-fact. She has not. Because Duncan has received her income tax return, regardless of whether she has elected to deposit it or disagrees with the amount issued by VIBIR, she is no longer "among the injured." *Lujan*, 504 U.S. at 561. Her situation is more akin to an administrative dispute over VIBIR's alleged miscalculation rather than one for outright nonpayment. Without ongoing entitlement to an unpaid income tax refund, the only remaining counts applicable to Duncan are those seeking declaratory and injunctive relief. *See generally* ECF No. 73. With regard to these counts, Duncan can only claim "an injury to a cognizable interest," but Constitutional standing "requires more." *Lujan*, 504 U.S. at 561.

Duncan here asserts that she has standing under 5 V.I.C. § 80 to bring this action as she is a Virgin Islands taxpayer. ECF No. 73, at 12 ¶52. Under Virgin Islands law, "[a] taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds." 5 V.I.C. § 80. These suits were permitted in the Territorial Court of the Virgin Islands (now the Superior Court) and were permissible in the District Court at one time as well "without the demonstration of a particularized injury." *See Donastorg v. Gov't of V.I. ex rel. Departments and Agencies and its Com'rs and Directors*, 45 V.I. 259, 270 (Terr. Ct. 2003); *see also Smith v. Gov't of V.I.*, 329 F.2d 131, 134 (3d Cir. 1964) (recognizing that by showing that they are territorial taxpayers, plaintiffs are entitled under 5 V.I.C. § 80 to maintain suit in the District Court).

However, in 1991 the Virgin Islands legislature vested local civil actions in the Territorial Court by passage of 4 V.I.C. § 76 and divested the District Court of all local civil suits, which include suits brought under 5 V.I.C. § 80 absent independent bases for establishing Constitutional standing. *See Brow v. Farrelly*, 994 F.2d 1027, 1034 (3d Cir. 1993)

("We concluded that [48 U.S.C. § 1611(b)]'s ultimate intention was to divest the District Court of jurisdiction over local causes of action"); *see also, e.g., Edwards v. HOVENSA, LLC*, 497 F.3d 355, 358-59 (3d Cir. 2007) ("§ 1613 of the Revised Organic Acts acts in combination with § 76(a) of the V.I. Code to effectively repeal any grant of concurrent jurisdiction to the District Court over local actions once the Virgin Islands legislature has vested jurisdiction over local civil actions in the Territorial Court.") (quoting *Parrott v. Gov't of V.I.*, 230 F.3d 615, 620 (3d Cir. 2000)); *cf. Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 273 (3d Cir. V.I. 1995) ("[A]s pertaining to purely local matters, the 1984 amendment [to the Revised Organic Act] eliminated concurrent jurisdiction in the district court of jurisdiction became vested in the local courts of the Virgin Islands.") (citing *Estate of Thomas Mall, Inc. v. Terr. Ct. of the V.I.*, 923 F.2d 258, 260 (3d Cir. 1991), *cert. denied*, 502 U.S. 808 (1991)). 5 V.I.C. § 80 therefore cannot independently establish standing in this Court because "[i]n a federal trial court . . . standing to sue is determined by federal law." *See Rocks v. City of Philadelphia*, 868 F.2d 644, 647 (3d Cir. 1989) (quotation omitted).

Thus, the Court finds that, absent the economic damages originally sought, Duncan lacks standing to pursue the injunctive and declaratory relief requested in her Amended Complaint. By extension, Duncan's claims and the defenses thereto cannot be typical of any unnamed class member who *has* standing to pursue the claims asserted in this action. As a result, Duncan has failed to satisfy the typicality requirement of Rule 23(a) on this second, independent basis.

### 4. Adequacy of Representation

Rule 23(a)(4) requires the plaintiff to show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This prong seeks to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The relevant determination here is whether the "interests and incentives between the representative plaintiffs and the rest of the class" are aligned or antagonistic. *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012).

As is the case with each of the Rule 23(a) and (b) factors, Duncan must demonstrate satisfaction of Rule 23(a)(4) by a preponderance of the evidence. *Reyes*, 802 F.3d at 485. However, Duncan first asserts through her counsels' unsworn statements merely that her "interests appear to be perfectly aligned with those of the absent class members." ECF No. 8, at 9-10. This assertion is unsupported by citation to any evidence. Then, following the opportunity to conduct discovery for the purpose of class certification, Duncan instead elects to focus on the adequacy of her *legal* representation. ECF No. 66, at 6. This separate issue is governed by Rule 23(g) and is not a consideration for the 'adequacy of representation' requirement under Rule 23(a)(4). *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010) ("Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of Rule 23(a)(4) . . . those questions have, since 2003, been governed by Rule 23(g).").

Defendants argue that Duncan's "desire to get paid and not have others who filed before Plaintiff may lead to interests that are antagonistic of those of the class" based on VIBIR's alleged "first to file first to get paid" system. ECF No. 30, at 11. While this argument does not convincingly raise concerns that such conflicts would not be averted by the class-wide relief sought by Duncan, Duncan nevertheless fails to provide any evidence supporting the adequacy prong. Moreover, the concerns discussed above through the lens of typicality give rise to significant questions as to whether Duncan's receipt of her income tax refund payment leave the "interests and incentives between the representative plaintiffs and the rest of the class" truly aligned. *Dewey*, 681 F.3d at 183.

The Court therefore finds that, absent citation to any evidentiary support, Duncan has failed to satisfy Rule 23(a)(4) by a preponderance of the evidence.

## IV. CONCLUSION

Under Rule 23(b), "[a] class action may be maintained if Rule 23(a) is satisfied and if" additional factors are met. Fed. R. Civ. P. 23(b). Having failed to establish both typicality and adequacy of representation by a preponderance of the evidence, Duncan has necessarily failed to meet the requisite burden for class certification under Rule 23(a), and the Court will therefore decline to reach the applicability of the Rule 23(b) factors. On the basis of the

*Duncan v. Government of the Virgin Islands, et al.*
Case No. 3:18-cv-0057
Memorandum Opinion
Page 13 of 13

foregoing, Duncan's Motion to Certify as Class Action is **DENIED.** An appropriate order follows.

**Dated:** August 13, 2021                                            */s/ Robert A. Molloy*
                                                                        **ROBERT A. MOLLOY**
                                                                        **Chief Judge**